UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ARULSENTHILK SHANMUGAM, an individual, and SUJAI SHANMUGASUNDARAM, an individual,<br><br>        Plaintiffs,<br><br>   v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>        Defendants. | No. 2:20-cv-01647<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |

----oo0oo----

Plaintiffs Arulsenthilk Shanmugam and Sujai Shanmugasundaram ("plaintiffs") brought this action against Mercedes-Benz USA, LLC ("Mercedes-Benz"), seeking damages for breach of implied warranty of merchantability and express warranty under the Song-Beverly Warranty Act, Cal. Civ. Code § 1792, et seq., and fraudulent inducement/concealment. (See generally Compl.) (Docket No. 1 at Ex. 2.) Mercedes-Benz has

1

moved for judgment on the pleadings with respect to plaintiffs'
claim for fraudulent inducement/concealment and plaintiffs'
prayer for punitive damages. (See Mot. for J. on Pleadings)
(Docket No. 7.)

I. Factual and Procedural Background

On or about November 30, 2018, defendants Mercedes-Benz and Does 1 through 20, inclusive, manufactured and/or distributed into the stream of commerce a new 2018 Mercedes-Benz GLE350, VIN 4JGDA5JB4JA995451 ("Vehicle") for its eventual sale/lease in the state of California. (See Compl. at ¶ 4.) On or about December 30, 2018, plaintiffs purchased the Vehicle from Niello Volkswagen in Sacramento, California. (See id. at ¶ 5; see Docket No. 1 at Ex. 1.) Although Vehicle was considered a "new motor vehicle" under the Song-Beverly Warranty Act, it was in fact a used car and had been driven over 11,000 miles by its previous owner before plaintiffs purchased it. (See id. at ¶ 6.) Along with the lease of the Vehicle, plaintiffs received written warranties and other express and implied warranties. (See id. at ¶ 7.)

On or around November 28, 2018, plaintiffs delivered the subject vehicle to an authorized Mercedes-Benz repair facility. (See id. at ¶ 16.) Plaintiffs complained that the Vehicle had a horrible smell within the air conditioning, and whether the car was parked inside or outside, it still had a rotten-milk smell. (See id.) The repair facility technicians cleaned the evaporator and replaced the air conditioner filters. (See id.) On or around March 19, 2019, plaintiffs again delivered the Vehicle to an authorized Mercedes-Benz repair facility with complaints of a rotten milk smell when the air

2

conditioning was turned on. (See id. at ¶ 17.) The repair facility technicians could not replicate the smell. (See id.) On or around August 9, 2019, plaintiffs again delivered the Vehicle to an authorized Mercedes-Benz repair facility for repair with complaints of "airmatic struts issues and transmission shuddering." (See id. at ¶ 18.) The repair facility technicians replaced the transmission mount, airmatic struts, and performed "bio-pledge anti-microbial protection treatment" due to the foul smell from the air conditioning. (See id.) On or around October 25, 2019, plaintiffs again delivered the Vehicle to an authorized Mercedes-Benz repair facility for repair with complaints of a foul rotten milk smell coming from the air conditioning. (See ¶ 19.) The repair facility technicians once again could not replicate the smell. (See id.) Each time that the Vehicle was returned to plaintiffs, the service technicians represented that the Vehicle had been repaired, was safe to drive, and all repairs were covered under the Mercedes-Benz written warranty. (See id. at ¶¶ 16-19.) Each time that the plaintiffs delivered the Vehicle to a Mercedes-Benz authorized service and repair facility, defendants represented to plaintiffs that they could and would conform the Vehicle to the applicable warranties and that all the defects had been repaired. (See id. at ¶ 12.) Plaintiffs reasonably relied on these representations. (See id. at ¶¶ 16-19.)

Prior to purchasing the Vehicle, plaintiffs reviewed marketing brochures, listened to commercials about the qualities of the Mercedes-Benz GLE350, and relied on statements made during the sales process by Mercedes-Benz agents and within the

marketing brochures provided by Mercedes-Benz. (See id. at ¶ 15.) However, Mercedes-Benz and its authorized agents did not publicly or privately disclose to plaintiffs any information about the air conditioner system defect. (See id.) Plaintiffs allege that these omissions were material to plaintiffs' decision to purchase the Vehicle and that had Mercedes-Benz and/or its authorized agents publicly or privately disclosed the air conditioner system defect, plaintiffs would not have purchased the Vehicle. (See id.) Mercedes-Benz or its representatives failed to conform the Vehicle to the applicable warranties because defects, malfunctions, mis-adjustments and/or nonconformities continued to exist even after a reasonable number of attempts to repair were given. (See id. at ¶ 12.)

II. Discussion[1]

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." In ruling on a motion for judgment on the pleadings brought pursuant to Rule 12(c), "the allegations of the non-moving party must be accepted as true, while the allegations of the moving

---

[1] Mercedes-Benz requests that the court take judicial notice of an order granting Mercedes-Benz USA's Motion for Judgment on the Pleadings issued by Judge Percy Anderson of the Central District of California. (See Request for Judicial Notice at Ex. A.) (Docket No. 7-1.); see Nafisi v. Mercedes-Benz USA, LLC, Case No. 2:20-cv-9309 PA (MAAx) (C.D. Cal. Mar. 31, 2021). It is well established that a court may take judicial notice of court records in another case. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (citing United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)). Plaintiffs have not objected. Accordingly, the court will take judicial notice of this decision for purposes of noting that the order was made, but not for the truth of its findings or conclusions.

4

party which have been denied are assumed to be false." See <u>Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted). Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. See <u>id.</u> However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must be treated as a motion for summary judgment. See <u>id.</u>

Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard of review "applies to motions brought under either rule." See <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, whether brought under Rule 12(b)(6) or Rule 12(c), the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." <u>Id.</u> at 679.

A. <u>Fraudulent Concealment</u>

Mercedes-Benz argues that plaintiffs have failed to allege particularized facts supporting knowledge of falsity or intent to conceal by Mercedes-Benz and other necessary components of their fraud claim. (See Mot. for J. on Pleadings at 5.) Plaintiffs respond that a claim for fraudulent concealment can succeed without the same level of specificity required by a normal fraud claim. (See Opp'n to Mot. for J. on Pleadings at 3.) (Docket No. 9.)

The heightened pleading standards of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud.[2] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." See Fed R. Civ. P. 9(b); see also Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (internal citations omitted). The Ninth Circuit

---

[2] Contrary to plaintiffs' assertion, California pleading standards do not govern in federal court. See Toscano v. Ameriquest Mortg. Co., No. Civ-F-07-0957-AWI-DLB, 2007 WL 3125023, at *6 (E.D. Cal. Oct. 24, 2007). It is well-settled that the Federal Rules of Civil Procedure apply in federal court, irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003) (citing Hanna v. Plumer, 380 U.S. 460, 462-474 (1965)).

has made clear that this heightened pleading standard also applies to fraudulent concealment claims. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1126-27 (9th Cir. 2009).

The elements of an action for fraud and deceit based on concealment are:

> (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

See SCC Acquisitions Inc. v. Cent. Pac. Bank, 207 Cal. App. 4th 859, 864 (4th Dist. 2012).

The complaint's allegations of fraudulent concealment fail to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b) in several regards. Plaintiffs fail to provide any specific factual allegations to support their claim that Mercedes-Benz USA knew of the alleged defect and intended to conceal it from plaintiffs before the Vehicle was sold. Plaintiffs do not allege how Mercedes-Benz was aware of the alleged defects, when Mercedes-Benz became aware of the defect, what exactly it was aware of, that Mercedes-Benz had exclusive knowledge of this alleged defect in the Vehicle at the time plaintiffs acquired it, or how Mercedes-Benz concealed this fact from the plaintiffs. (See Mot. for J. on the Pleadings at 7.) The only allegations in the complaint relating to Mercedes-Benz's knowledge of the alleged defect are conclusory statements which

7

state that "defendant was well-aware of the non-conformities and defects relating to the air conditioning system" and had "advance knowledge of which only defendant could know." (See Compl. at ¶ 42.) Such conclusory statements, unsupported by specific facts, do not suffice.

Moreover, to plead the circumstances of omission with specificity, plaintiffs must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information. See Marolda v. Symantec Corp., 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009). Plaintiffs have provided none of this information and simply state that "[p]rior to purchasing the Vehicle, plaintiffs reviewed marketing brochures, viewed television commercials and/or heard radio commercials about the qualities of the Mercedes-Benz GLE350" and that plaintiffs "relied on statements made during the sales process." (See Compl. at ¶ 15.) Such allegations fall far short of the specificity required for fraudulent concealment claims.

Plaintiffs have additionally failed to plausibly allege circumstances that would impose upon Mercedes-Benz a duty to disclose the alleged defect to them. (See Reply in Supp. of Mot. for J. on the Pleadings at 10.) "[W]here material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is some relationship between the parties which gives rise to a duty to disclose such known facts." LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (4th

Dist. 1997). Plaintiffs have alleged in their complaint that Mercedes-Benz was not involved in the sales transaction of the Vehicle; rather, plaintiffs obtained the Vehicle from Niello Volkswagen in Sacramento, California. (See id. at ¶ 5; see Docket No. 1 at Ex. 1.)

Plaintiffs argue that they "do not need to show a direct contractual nexus or special relationship where there is a safety issue . . . ." (See Opp'n to Mot. for J. on Pleadings at 8.) Although plaintiffs posit in their opposition that the alleged air-conditioning defect is "a significant vehicle defect because it relates to a known mold growth issue that renders the air conditioning unstable and, ultimately, unsafe because of the possibility that mold and mold spores could be injected into the cabin environment and inhaled by vehicle occupants," (see id. at 1), they allege no such information in the complaint. Instead, they simply aver that "malodorous odors emanat[ed] from the air conditioning system" and then assert in a conclusory fashion that "the vehicle is defective and unsafe." (See Compl. at ¶¶ 42-47.) Plaintiffs failed to allege any specific facts in their complaint which would indicate that the alleged air conditioner defect caused the vehicle to be unsafe, and they admit that Mercedes-Benz was not a party to the transaction of the Vehicle here. Accordingly, plaintiffs have failed to allege facts to establish that Mercedes-Benz owed them a duty to disclose any alleged defects.

In sum, plaintiffs have failed to adequately allege particularized facts supporting knowledge of falsity or intent to conceal by Mercedes-Benz, the circumstances surrounding the

9

alleged omissions of evidence, or that Mercedes-Benz owed a duty to disclose the alleged defects to plaintiffs. Plaintiffs' fraudulent concealment claim therefore fails to meet Rule 9(b)'s pleading standard, and the court will dismiss it.

   B.   Economic Loss Doctrine

Mercedes-Benz additionally argues that plaintiffs' fraudulent concealment claim is barred by the economic loss rule. (See Mot. for J. on Pleadings at 10.) "Economic loss consists of damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits -- without any claim of personal injury or damages to other property." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004). "The economic loss rule requires a purchaser to recover in contract for purely economic loss due to disappointed expectations unless he can demonstrate harm above and beyond a broken contractual promise." See id. Although plaintiffs contend that Robinson Helicopter supports their position that their fraudulent concealment claim is not barred by the economic loss rule, the California Supreme Court made clear that the exception to the economic loss rule only applies to fraud claims involving affirmative misrepresentations, and does not extend to fraudulent concealment claims based exclusively on omissions. See id. at 993 ("Our holding today is narrow in scope and limited to a defendant's affirmative misrepresentations on which a plaintiff relies, and which expose plaintiff to a liability for personal damages independent of the plaintiff's economic loss."). Accordingly, "in actions arising from the sale or purchase of a defective product, plaintiffs seeking economic losses must be

able to demonstrate that either physical damage to property (other than the defective product itself) or personal injury accompanied such losses; if they cannot, then they would be precluded from any tort recovery in strict liability or negligence." Ladore v. Sony Comput. Ent. Am., LLC, 75 F. Supp. 3d 1065, 1075 (N.D. Cal. 2014) (internal citations omitted).

Plaintiffs' complaint does not include any allegations that plaintiffs suffered personal injury or any other damages apart from the economic damages associated with their warranty claims. Nor does it include any affirmative misrepresentations prior to or at the time of sale. Federal courts throughout California have recently held in analogous "lemon law" cases that the economic loss rule bars fraud claims premised solely on concealment and omissions where plaintiffs have failed to allege personal injury or damage to property. See Sloan v. Gen. Motors LLC, Case No. 16-cv-07244-EMC, 2020 WL 1955643, at *23 (N.D. Cal. Apr. 23, 2020); Thompson v. BMW of N. Am. LLC, Case No. SACV 17-01912-CJC-KS, 2019 WL 988694, at *5 (C.D. Cal. Jan. 10, 2019); Hsieh v. FCA US LLC, 440 F. Supp. 3d 1157, 1162-63 (S.D. Cal. 2020). The economic loss doctrine therefore provides an additional basis to dismiss the complaint's fraudulent concealment claim.

Because plaintiffs have not adequately alleged a fraudulent concealment claim, their prayer for punitive damages arising out of that claim also fails. Plaintiffs have additionally failed to plead specific allegations demonstrating malicious or oppressive conduct by Mercedes-Benz that would entitle them to punitive damages. Under California law, a

11

plaintiff may recover punitive damages "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." See Harper Const. Co., Inc. v. Nat'l Union Fire Ins. Co., Case No. 18-cv-00471-BAS-NLS, 2020 WL 1820124, at *7 (S.D. Cal. Apr. 10, 2020) (citing Cal. Civ. Code § 3294(a)). Moreover, "[a] request for punitive damages against a corporation must include allegations relating to the corporation's officers, directors, or managing agents." See id. Here, plaintiffs merely make a conclusory statement that "[t]he conduct of the defendant in failing to disclose this information to plaintiffs [was] done in malice." (See Compl. at ¶ 44.) Such conclusory allegations, utterly unsupported by specific facts, are insufficient to support a claim for punitive damages under California law.

IT IS THEREFORE ORDERED that defendant's Motion for Judgment on the Pleadings as to plaintiffs' third claim for fraudulent concealment and plaintiffs' prayer for punitive damages (Docket No. 7) be, and the same hereby is, GRANTED. Plaintiffs have twenty days from the date this Order is signed to file an amended complaint if they can do so consistent with this Order.

Dated: June 2, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE