UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ARULSENTHILK SHANMUGAM, an individual, and SUJAI SHANMUGASUNDARAM, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | No. 2:20-cv-01647 WBS KJN<br><br><br>ORDER |

----oo0oo----

Plaintiffs have filed a bill of costs totaling $555.00. (Docket No. 17.) Although defendant has not objected, Federal Rule of Civil Procedure 54(d)(1) and Local Rule 292, which govern taxation of costs, provide that costs are available only to the "prevailing party." Fed. R. Civ. P. 54(d)(1); E.D. Cal. Local R. 292(b); see also 28 U.S.C. § 1920 (enumerating taxable costs).

It is "well-settled" that "[a] 'prevailing party' . . .

1

1   is a party that has been afforded some relief by the court."
2   York v. Beard, 1:14-cv-1234 LJO GSA PC, 2016 WL 7324703, at *1
3   (E.D. Cal. Dec. 15, 2016) (citing Buckhannon Bd. & Care Home,
4   Inc. v. W. Va. Dep't of Health & Hum. Res., 532 U.S. 598, 603
5   (2001); Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land
6   Mgmt., 589 F.3d 1027, 1030 (9th Cir. 2009)).  In other words, "to
7   be considered a prevailing party . . ., a plaintiff must not only
8   achieve some material alteration of the legal relationship of the
9   parties, but that change must also be judicially sanctioned."
10  P.N. v. Seattle Sch. Dist. No. 1, 474 F.3d 1165, 1171 (9th Cir.
11  2007) (quoting Shapiro v. Paradise Valley Unified Sch. Dist., 374
12  F.3d 857, 865 (9th Cir. 2004)).  The Ninth Circuit has held that,
13  where a case is "resolved by a settlement agreement signed only
14  by the parties," -- i.e., one that lacks a "judicial imprimatur"
15  -- a plaintiff is not a prevailing party eligible for costs.  See
16  id. at 1167, 1171-73 (citing Buckhannon, 532 U.S. at 600).

17          Plaintiffs have not been "afforded . . . relief by the
18  court."  Rather, judgment was entered in favor of defendant as to
19  one of plaintiffs' claims, (Docket No. 13), and plaintiffs
20  stipulated to dismissal of the remaining claims, (Docket No. 14).
21  Although the probable explanation for the parties' joint
22  stipulation of dismissal is that a settlement was reached, the
23  court has received no indication that such a settlement was
24  judicially sanctioned.  See P.N., 474 F.3d at 1171; see, e.g.,
25  Justin R. ex rel. Jennifer R. v. Matayoshi, 561 F. App'x 619, 620
26  (9th Cir. 2014) (holding existence of settlement agreement
27  providing for district court's retention of jurisdiction,
28  together with fact that verbal settlement was reached before

magistrate judge during court-initiated settlement conference, "provided sufficient judicial imprimatur"). Accordingly, the court cannot conclude that plaintiffs were prevailing parties in this case and therefore declines to award the requested costs.

    IT IS SO ORDERED.[1]

Dated: April 21, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in this Order should be construed as preventing the parties from arranging for payment of costs via their own agreement. Because defendant did not respond to plaintiffs' bill of costs, the court invited defendant to do so (Docket No. 18), but defendant did not. To the extent that defendant's lack of opposition may mean defendant is agreeable to paying the costs plaintiffs identify, defendant is free to do so without the court's involvement.